**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. ________________

**MARIAN G. KERNER**, and **JOHN DOE**, Hispanic/Latino males on behalf of themselves and all others similarly situated,

Plaintiff,

v.

**CITY and COUNTY of DENVER**, a municipal corporation.

Defendant.

---

**COMPLAINT FOR DAMAGES [CLASS ACTION]**
**AND DEMAND FOR JURY TRIAL**

---

**COMES NOW** the above-named Plaintiffs, Marian G. Kerner, and John Doe Hispanic/Latino males on behalf of themselves and all similarly situated applicants for employment with the City and County of Denver by and through their attorneys, Padilla & Padilla, PLLC, John E. Mosby and Marilyn Cain Gordon, and complains and alleges as follows:

## NATURE OF CLAIM

1. This is an action commenced by Plaintiffs on their behalf and all similarly situated applicants for employment with the City and County of Denver who were required to take the AccuPlacer/WritePlacer test in order to qualify for employment for various job classifications with the City and County of Denver. The AccuPlacer/WritePlacer test was not validated and had an adverse impact that was statistically relevant disqualifying the Plaintiff Kerner and other Black applicants and also eliminating and discriminating against Hispanic/Latino male applicants

all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*., as amended (Title VII).

**JURISDICTION**

2. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4). Plaintiff brings claims for herself and as a representative of the class of other Black applicants and Hispanic/Latino male applicants for employment who were denied employment with the City and County of Denver in the State of Colorado.

**PARTIES**

3. The Plaintiff, Marian G. Kerner is Black and a resident of the United States of America and the City and County of Denver, State of Colorado who sues individually and on behalf of herself and other Black applicants for employment with the City and County of Denver who were denied employment for having failed the AccuPlacer/WritePlacer test.

4. The John Doe Plaintiffs are as yet unnamed Hispanic/Latino males who were denied employment for having failed the AccuPlacer/WritePlacer test, and were otherwise identified and included in the Equal Employment Opportunity Commission (EEOC) investigation.[1]

5. The Defendant the City and County of Denver, is a municipal corporation within the State of Colorado and existing by virtue of the laws, constitutions and statutes thereof, and at

[1] The EEOC file provided to Plaintiff Kerner included the City's Response to Plaintiff Kerner's EEOC Complaint included an "Exhibit 2," listing all applicants who had failed the test, by race and nationality. This exhibit is missing from Plaintiff Kerner's copy of the EEOC Complaint.

all times relevant to the allegations of this complaint was a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff, Marian Kerner has exhausted all administrative remedies on behalf of herself and the class that she seeks to represent. She filed a timely administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging claims against the Defendant, the City and County of Denver. On July 8, 2008, the EEOC issued a determination stating, "there is reasonable cause to believe that there is a violation of Title VII in that respondent failed to conduct a validity test on the AccuPlacer test used in its employment process. As a result, a statistical analysis revealed respondent discriminated against Black applicants. Furthermore, the statistical analysis also revealed that the above mentioned test discriminated against Hispanic/Latino male applicants." A copy of the EEOC's determination of the Plaintiff's charge of discrimination is attached hereto as **EXHIBIT 1** to this Complaint.

7. Plaintiff received her right to sue letter from the EEOC on or about November 6, 2010 and has commenced this action in a timely manner.

## CLASS ACTION ALLEGATIONS

8. Plaintiffs, Marian G. Kerner and John Doe Hispanic/Latino males bring this action on behalf of themselves and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Title VII class of all Black applicants and Hispanic/Latino male applicants for employment with the City and County of Denver who were denied employment for having failed the AccuPlacer/WritePlacer test between March 8, 2007 to

the present or who otherwise suffered any negative employment status or decrease in pay or position with the City and County of Denver.

9. The members of this class are sufficiently numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that the class exceeds 300 applicants for employment who were denied employment with the City and County of Denver for having failed the AccuPlacer/WritePlacer test.

10. There are question of law and fact common to the class and these questions predominate over individual questions. Such questions include, among others:

a. whether the City and County of Denver's policy and practice of using the AccuPlacer/WritePlacer test had a disparate impact on Black applicants and Hispanic/Latino male applicants for employment;

b. whether any disparate impact is justified by business necessity;

c. whether the disparate impact constitutes violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq.;

d. whether the City and County of Denver has engaged in a pattern and practice of disparate treatment against Black applicants and Hispanic/Latino male applicants for employment;

e. whether injunctive relief and other equitable remedies (including back pay and front pay) and compensatory damages are warranted for the class of Black applicants and Hispanic/Latino male applicants for employment with the City and County of Denver;

f. whether punitive damages are warranted.

11. The claims alleged by Plaintiffs are typical of the claims of the class.

12. Plaintiffs will fairly and adequately represent the interests of the class.

13. Class certification is appropriate pursuant to Fed. R. Civ. P. 23 (b)(2) because the Defendant the City and County of Denver has acted on grounds generally applicable to the class, making declaratory and injunctive relief appropriate with respect to Plaintiffs and the class as a whole. The members of the class are entitled to injunctive relief to end the City and County of Denver's uniform, and unfair discriminatory personnel policies and practices.

14. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class. The members of the class have been damaged and are entitled to recovery as a result of the City and County of Denver's common, uniform, and unfair discriminatory personnel hiring policies and practices.

15. Class certification is also warranted under Rule 23(b)(3) because a class action is superior to all other methods available for the fair and efficient adjudication of this litigation.

**FACTS COMMON TO THE CITY AND COUNTY OF DENVER'S GENERAL PRACTICE OF DISCRIMINATION**

16. The Career Service Authority (CSA) of the City and County of Denver (Denver) is the agency within the City and County of Denver that among other things creates an eligibility list for various employment positions with the City and County of Denver.

17. From at least January 2005 through February, 2008 the CSA used the AccuPlacer/WritePlacer testing device to establish eligibility lists for persons seeking employment with the City and County of Denver for various job classifications.

18. That the Defendant the City and County of Denver through the CSA failed to conduct a validity test on the AccuPlacer/WritePlacer test prior to its use.

19. That the AccuPlacer/WritePlacer test was designed by the College Board as a placement test for incoming college students to determine the level of English course a first year student should take.

20. The AccuPlacer/WritePlacer test was not designed nor validated for employment testing or screening.

21. The AccuPlacer/WritePlacer test has a disparate impact upon Black applicants and Hispanic/Latino male applicants seeking employment with the City and County of Denver whereby they failed the test with greater frequency than other applicants.

22. That as a result of the use of the unvalidated AccuPlacer/WritePlacer test the Plaintiffs and other members of the class of Black applicants and Hispanic/Latino male applicants were denied employment with the City and County of Denver.

## CLAIM OF NAMED PLAINTIFF MARIAN G. KERNER

23. Plaintiffs hereby incorporates by reference, for all purposes herein, as if fully set forth verbatim, paragraphs 1 through 22 of this Complaint.

24. Plaintiffs Marian G. Kerner and John Doe Hispanic/Latino males sought employment with the City and County of Denver and prior to being able to apply for specific positions with the City and County of Denver was required to take the AccuPlacer/WritePlacer test.

25. After taking on March 8, 2007 Plaintiff Marian G. Kerner was advised immediately that she had failed the test and therefore was prohibited from applying for the Administrative Assistant IV position for which she sought employment.

26. The AccuPlacer/WritePlacer test used by the City and County of Denver to disqualify Plaintiffs Martian G. Kerner and John Doe Hispanic/Latino males from employment within the City and County of Denver was not job related for any position being sought by Plaintiffs and was not job related for the position for which Plaintiff Marian G. Kerner was applying and was not consistent with a "business necessity" nor did it otherwise meet the requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et.seq.

27. That as result of the discriminatory hiring practice of the City and County of Denver Plaintiffs Marian G. Kerner and John Doe Hispanic/Latino males suffered damages including but not limited to loss of employment, loss of income, employment benefits and other compensation.

28. Also as a proximate result of these unlawful acts Plaintiff Marian G. Kerner and John Doe Hispanic/Latino males have suffered injuries including emotional injuries.

29. The Defendant the City and County of Denver's unlawful actions were intentional, willful, malicious and were done with reckless disregard of Plaintiffs' rights to be free from discrimination based upon race and national origin.

30. Plaintiffs are entitled to compensatory damages, including loss of wages, loss of employment benefits and attorneys' fees and costs.

31. Plaintiffs Marian G. Kerner and John Doe Hispanic/Latino males believes that the City and County of Denver discriminated against them in the same manner that it discriminates against the class generally.

**FIRST CLAIM FOR RELIEF**
**(Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e, et. seq. on behalf of the Title VII Class)**

32. Plaintiffs hereby incorporates by reference, for all purposes herein, as if fully set forth verbatim, paragraphs 1 through 31 of this Complaint except allegations of intentional conduct.

33. This claim is brought on behalf of Plaintiff and the Title VII class.

34. The foregoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), *et. seq*.

35. Plaintiff Marian G. Kerner has received a Right to Sue letter from the EEOC and has commenced this action in a timely manner. Plaintiff Marian G. Kerner participated in conciliation efforts with the EEOC after the EEOC determined there was reasonable cause to believe that the City and County of Denver had violated Title VII in its use of the AccuPlacer/WritePlacer test in denying the Plaintiff Marian G. Kerner employment. Conciliation efforts were unsuccessful. Plaintiff Marian G. Kerner has, therefore, exhausted her administrative remedies and fulfilled all conditions precedent to filing this suit.

36. The City and County of Denver had a continuing pattern and practice of using a pre-employment testing device that was not validated and was not otherwise job related or consistent with a business necessity to deny employment to Plaintiffs Marian G. Kerner, other Blacks, and John Doe Hispanic/Latino males.

37. The City and County of Denver's continuing pattern and practice of using the AccuPlacer/WritePlacer test as a pre-employment pass/fail test has a disparate impact and discriminates against Black applicants and Hispanic/Latino male applicants for employment within the City and County of Denver.

38. The City and County of Denver's discriminatory practices described above have resulted in a loss of employment, loss of wages and other employment benefits for Plaintiffs Marian G. Kerner, Blacks, John Doe Hispanic/Latino males and other members of the class.

39. Plaintiffs request relief as provided for below in the Prayer for Relief.

**SECOND CLAIM FOR RELIEF**
**(Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e, et. seq. on behalf of the Title VII Class)**

40. Plaintiffs hereby incorporates by reference, for all purposes herein, as if fully set forth verbatim, paragraphs 1 through 39 of this Complaint.

41. This claim is brought on behalf of Plaintiffs and the Title VII class.

42. The foregoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), *et. seq*.

43. That the City and County of Denver has engaged in a continuing pattern and practice of intentional discrimination against the class and has denied Blacks and Hispanic/Latino males the same opportunities for employment afforded to similarly situated non-Blacks and non-Hispanic/Latino males.

44. That the City and County of Denver's discriminatory practices described above have resulted in loss of employment, wages and other employment benefits and have caused Plaintiffs to suffer humiliation, embarrassment and emotional distress.

45. The Defendant the City and County of Denver did the acts alleged herein with malice or reckless indifference to the protected rights of Plaintiffs and the class members. Plaintiffs and the class members are thus entitled to recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the class pray for relief as follows:

1. Certification of the class as a class action on behalf of the proposed Plaintiff class and designation of Plaintiffs, Marian G. Kerner and John Doe Hispanic/Latino males as representative of the class and her counsel of record as Class Counsel;

2. All damages which the individual Plaintiffs and the class have sustained as a result of the Defendant's conduct, including back pay, front pay, general and special damages for lost employment, lost employment benefits and other compensation that they would have received but for the discriminatory practices of the Defendant the City and County of Denver, and for emotional distress, humiliation, embarrassment, and mental anguish;

3. For Plaintiff Marian G. Kerner's individual, non-class claims, all damages she has sustained as a result of Defendant's conduct, including back pay, front pay, general and specific damages for lost employment, compensation and job benefits she would have received but for the discriminatory practices of the City and County of Denver and damages for emotional distress, according to proof;

4. Exemplary and punitive damages in an amount consistent with the law;

5. A preliminary and permanent injunction against the Defendant the City and County of Denver and all agencies within the City and County of Denver that requires the following:

a. Desisting from engaging in each of the unlawful practices, policies customs and usages set forth in this Complaint;

b. Adopting non-discriminatory and objective employment standards;

6. A permanent injunction against the use of the AccuPlacer/WritePlacer test for the hiring of applicants for employment or any other employment use of such test by the City and County of Denver;

7. An Order assigning Plaintiff and the class to those jobs they would have held but for Defendant's discriminatory practices;

8. Payment to each member of the class, compensation for loss of employment, lost wages and other employment benefits the Plaintiff and the class would have enjoyed but for the Defendant's discriminatory practices;

9. For pre-judgment interest to the extent permitted by law;

10. For costs and expenses of suit incurred herein including reasonable attorneys' fees; and

11. For such other and further legal and equitable relief as the court may deem just and proper.

**PLAINTIFFS HEREBY DEMANDS A TRIAL TO A JURY TO HEAR ALL ISSUES CONTAINED HEREIN**

Respectfully submitted,

PADILLA & PADILLA, PLLC

By: s/ Kenneth A. Padilla

KENNETH A. PADILLA
Padilla & Padilla, PLLC
1753 Lafayette Street
Denver, CO 80218
Phone: 303-832-7145
Fax: 303-832-7147
E-mail: Padillaesq@aol.com

JOAQUIN G. PADILLA
Padilla & Padilla, PLLC
1753 Lafayette Street
Denver, CO 80218
Phone: 303-832-7145
Fax: 303-832-7147
E-mail: joaquin@padillalawoffices.com

JOHN EDWARD MOSBY
621 17th Street, Suite 1035
Denver, CO 80293
Phone: 303-623-1355
Fax: 303-623-1917
E-mail: Johnmosby@msn.com

MARILYN CAIN GORDON
7603 Georgia Avenue, Suite 304
Washington, DC 20012
Phone: 202-723-8600
E-mail: M.Cain.Gordon@msn.com

**Attorneys for Plaintiffs**
**and the Proposed Class**