**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 11-cv-00256-MSK-KMT**

**MARIAN G. KERNER; and**
**ROMONA J. LOPEZ, on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

**v.**

**CITY AND COUNTY OF DENVER,**

**Defendant.**

---

**SUPPLEMENTAL OPINION AND ORDER AWARDING ATTORNEY FEES AND COSTS**

---

**THIS MATTER** comes before the Court *sua sponte*, following the 10th Circuit Court of Appeals' May 7, 2018 Order **(# 259)** reversing in part this Court's attorney fee order **(# 249)** and remanding the matter back to this Court for further consideration. The Court has further considered the relevant arguments in Plaintiffs' Second Motion for Attorney Fees and Expenses **(# 245)**, the Defendant's ("Denver") response **(# 246)**, and the Plaintiffs' reply **(# 247)**.

The Court dispenses with a recapitulation of the proceedings to date, assuming the reader's familiarity with the Court's prior order and the 10th Circuit's decision. Indeed, in light of the limited scope of remand by the 10th Circuit, this Court reaffirms and reincorporates the entirety of its prior Order, with the exception of the first full paragraph on page 10. This Opinion begins the discussion there.

As previously noted by the Court, "a substantial reduction of the hours claimed by the Plaintiffs' counsel is warranted." The Plaintiffs' counsel request a total of more than 3,000 hours

(with more than three-quarters of those hours billed at the highest hourly rate), plus an additional 700 hours of paralegal time. Given the various, significant deficiencies noted previously by the Court -- the limited damage calculation issues that drove the bulk of the litigation, inefficiencies in the presentation of evidence (particularly given the Court's expectation of efficiency in light of counsels' request for the highest allowable hourly rates), the fundamental revision of key litigation positions late in the action, and the Plaintiffs' limited degree of success relative to their initial demands -- the Court finds it appropriate to reduce the number of hours claimed by counsel across the board by at least 40%. This results in 1401 hours for Kenneth Padilla, 439 hours for Joaquin Padilla, and 418 hours for Mr. Moya. These figures more properly approximate a reasonable expenditure of time for the services delivered and the results achieved in this action. At the rates previously determined by the Court, this would yield a lodestar figure of (1401 x $500) + (439 x $375) + (418 x $150) + (10 x $100/hr., reflecting an unopposed request for travel time at a reduced rate) = $928,825. For the reasons previously stated, the Court finds no justification for further adjustments to the lodestar figure and thus, awards the Plaintiffs a total of $928,825 in attorney fees.

Accordingly, for the reasons set forth herein and in the Court's previous Order, the Plaintiffs' Motion for Attorney Fees and Costs **(# 245)** is **GRANTED IN PART**, and the Court

awards the Plaintiffs a total of $928,825 in fees and $97,494.99 in costs. The Judgment is deemed amended as of this date to include these amounts.

Dated this 22nd day of October, 2018.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge